IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HAROLD ALANIZ, | § | |
| a/k/a Harold Christopher Alaniz, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0190 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
FOR FAILURE TO PAY FILING FEE**

Petitioner, a state prisoner confined in the Dalhart Unit in Hartley County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his habeas application, petitioner challenges his July 14, 2003 conviction for the felony offense of aggravated assault, and the resultant 8-year sentence, out of the 47th Judicial District Court of Randall County, Texas.

Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee, nor did he submit a Request to Proceed *In Forma Pauperis* and a certified *in forma pauperis* data sheet from the institution in which he is confined. On June 28, 2005, this Court ordered petitioner to submit the request and data sheet, pay the filling fee, or submit proper documentation evidencing the authorization of the disbursement of the requisite funds for the

fee. Petitioner was warned that his failure to properly supplement or pay the filing fee would result in an immediate recommendation for the dismissal of this case without further notice. As of this date, no fee or proper supplementation has been submitted to this Court.

As of this date, petitioner is in direct disregard of the Court's Order. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Petitioner has been given ample opportunity to pay the filing fee or submit a request to proceed *in forma pauperis* with a data sheet. Petitioner, however, has failed to follow the Court's direct order and has neglected his case to such an extent that it warrants dismissal. Therefore, it is the opinion of the undersigned that petitioner's habeas application should for failure to pay the requisite filing fee in this case or, alternatively, for want of prosecution due to petitioner's failure to comply with this Court's Order.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the habeas application filed by petitioner be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of July 2005.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE



### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

**If petitioner pays the $5.00 filing fee within fourteen (14) days after the filing date of this Report and Recommendation the recommendation of dismissal will be withdrawn.**

**If, within fourteen (14) days after the filing date of this Report and Recommendation, petitioner submits to this Court evidence that he has authorized his institution to disburse the requisite funds from his trust account by properly completing**

**and submitting to the appropriate prison personnel a Form I-25 entitled "Inmate Request for Withdrawal," this case will be held in abeyance for thirty (30) days from the date of the Form I-25, pending receipt of the filing fee. If payment has been received during the 30-day time period, the recommendation of dismissal will be withdrawn. If no payment has been received at the end of the 30-day time period, the case will remain subject to dismissal. It is petitioner's responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and transmitted to the Court. Petitioner shall advise the Court, prior to the expiration of the 30-day period, as to any legitimate reason why the funds will not be received by the Court within the time period.**

**Petitioner is advised that the payment of the filing fee will not guarantee that this Court will reach the merits of petitioner's application.**