

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHRISTOPHER HAROLD ALANIZ, § <br> a/k/a Harold Christopher Alaniz, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | 2:05-CV-0190 |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his July 14, 2003 conviction for the offense of aggravated assault out of the 47th Judicial District Court of Randall County, Texas, and the resultant 8-year sentence. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On January 19, 2000, in Cause No. 12,867-A, petitioner was indicted in the 47th Judicial District Court of Randall County, Texas, for the offense of delivery of a controlled substance, to-wit: cocaine. On October 10, 2001, petitioner, pursuant to a plea agreement, pled guilty to

the charged offense. Adjudication of guilt was deferred and petitioner was placed on two (2) years community supervision.

On November 6, 2002, in Cause No. 14,760-A, petitioner was indicted in the 47th Judicial District Court of Randall County, Texas, for the offense of aggravated assault. Specifically, the indictment alleged petitioner:

> [O]n or about the 30th day of October, A.D. 2002 . . . did then and there intentionally and knowingly cause bodily injury to Sabbatha Kish Hanifin, by striking her in the head and the body with his hands and feet, and did then and there intentionally and knowingly use and exhibit a deadly weapon, to wit: his hands and feet, that in the manner of its use and intended use was capable of causing death and serious bodily injury to Sabbatha Kish Hanifin, during the commission of said assault.

On July 14, 2003, in a joint revocation and plea hearing, petitioner, pursuant to a plea agreement, pled guilty to the charged offense and true to the alleged probation violations. The state trial court accepted petitioner's guilty and true pleas, found petitioner guilty of the probation violations and the charged offenses, and assessed petitioner's punishment for each offense at confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for eight (8) years, said sentences to run concurrently. Petitioner signed waivers of appeals in both cause numbers.

On August 11, 2003, petitioner, acting *pro se*, directly appealed both convictions to the Court of Appeals for the Seventh District of Texas. On October 21, 2003, that court dismissed petitioner's appeal of his aggravated assault conviction pursuant to his signed waiver of appeal and the absence of a certification by the trial court affording petitioner a right to appeal. *Alaniz v. Texas*, No. 07-03-0381-CR. The appellate court also dismissed petitioner's appeal of his delivery of a controlled substance conviction, finding petitioner's agreement to waive his right

to appeal his conviction was binding upon petitioner as no evidence of record indicated petitioner's waiver was involuntary or unknowing, or that the State or trial court had failed to abide by the plea bargain. *Alaniz v. Texas*, No. 07-03-0380-CR. Petitioner did not seek review of the state appellate court decisions by way of a petition for discretionary review.

On August 10, 2004, petitioner sought review of his convictions by filing two (2) state applications for habeas corpus relief. By his habeas applications, petitioner asserted:

Petitioner's plea of guilty was involuntary because:

1. petitioner was told he was pleading guilty to a state jail felony;

2. the trial court did not carry out certain admonishments;

3. defense counsel coerced/threatened petitioner to enter the plea:

   a. when the terms of the plea were unknown;

   b. by telling him that if he did not enter the plea, he would face attempted murder charges, stacked sentences and the maximum sentence on each offense.

The State, in its answer to petitioner's state habeas applications, attached affidavits from petitioner's trial counsel refuting petitioner's allegations. On June 8, 2005, the Texas Court of Criminal Appeals denied such petitions without written order. *In re Alaniz*, Nos. 60,701-01 and 60,701-02.

On June 22, 2005, petitioner filed the instant application for federal habeas relief with this Court, said petition being received and filemarked June 27, 2005.[1] On January 20, 2005, respondent filed an answer opposing federal habeas corpus relief. On March 30, 2006,

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

petitioner filed a response to respondent's answer.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1.  Petitioner's plea was involuntary because:

    a.  it was coerced; and

    b.  the commitment contained the notation that there was a deadly weapon finding in violation of the plea agreement.[3]

2.  Petitioner was denied effective assistance of counsel in the underlying proceeding because counsel:

    a.  failed to ensure there was no deadly weapon finding made with regard to petitioner's conviction as required by the plea agreement;

    b.  failed to obtain exculpatory and mitigating evidence;

    c.  failed to advise petitioner that Texas Penal Code § 12.35 requires one prior conviction to enhance a subsequent offense;

    d.  failed to investigate medical records of prior treatment that showed petitioner was looking for help;*

    e.  failed to file a motion to compel production of the favorable medical record evidence;*

    f.  failed to investigate the victim's family which would have provided evidence favorable to the defense;*

---

[2] Petitioner has submitted voluminous pleadings to this Court making numerous arguments and factual allegations not raised before the state's highest appellate court. Petitioner has also inserted numerous claims in various pleadings and motions filed in this Court, but which claims were not asserted in his habeas petition.

[3] The undersigned notes respondent, in his answer, has construed petitioner's allegations differently than stated herein. The undersigned has included the grounds raised by petitioner in a "supplemental" petition filed October 19, 2005 (marked by *), even though petitioner did not request leave to file such a supplement and respondent did not address the supplement in his answer.

      g.      wrongfully advised petitioner that he would "take [probation] good time with him."*

3. The plea agreement was breached by the inclusion of a deadly weapon finding on the commitment;

4. The was insufficient evidence to support petitioner's guilty plea to the offense of aggravated assault; and

5. Petitioner is actually innocent of the offense of aggravated assault.

III.
### EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)    there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct.

1056, 1059 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).  To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).  This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims.  *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition.  *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).  In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement.  Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999).  Claims may be presented to that court

through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

Even construing petitioner's claims liberally, in both the state and federal habeas proceedings, the only claim raised in the instant federal habeas application that was raised and presented in petitioner's state habeas application is petitioner's allegation that his plea of guilty was involuntary because he was coerced. *See* Ground 1.a. The other claims raised in this federal habeas application are either new claims never presented to or heard by the state's highest court, or are claims premised on a factual basis that is different than that presented in the state habeas proceeding. Consequently, with the exception of his claim that his plea was involuntary due to coercion, the state courts were not given an opportunity to properly investigate, address, and determine the merits of petitioner's alleged deprivations of federal constitutional rights in his state court proceeding. Therefore, petitioner has not sufficiently exhausted his available state court remedies with regard to any of his claims other than l.a.

Further, petitioner would be precluded, by the Texas abuse of the writ doctrine, *see* Tex. Code Crim. Proc. Ann. art. 11.07 § 4 , from raising his unexhausted allegations in a future state habeas application. *See* Tex. Code Crim. Proc. Art. 11.07 § 4. If a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'," then the claim is procedurally defaulted.[4] *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998)

---

[4] The abuse of the writ rule can be an adequate and independent state ground foreclosing federal habeas review. *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Such a procedural rule that acts as a bar, however, must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The Fifth Circuit Court of Appeals has determined that the Texas abuse of the writ doctrine has been strictly and regularly applied since 1994. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998); *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997), *cert. denied*, 525 U.S. 969, 119 S.Ct. 418, 142 L.Ed.2d 339 (1998).

(quoting *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). In other words, when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts ... [,] there is no substantial difference between nonexhaustion and procedural default." *Id.* (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998)). Here, because petitioner failed to exhaust any of his claims other than his involuntary plea by coercion claim, said claims, with the noted exception, are procedurally defaulted.

There is, however, a "cause and prejudice" exception to the bar for failure to exhaust. "When the ground upon which the petitioner relies for habeas relief was not exhausted in state court and state procedural rules would bar subsequent presentation of the argument," this Court will not consider petitioner's unexhausted claim absent 'cause' and 'prejudice.'" *Beazley v. Johnson*, 2001 WL 118393, *15 (5th Cir. 2001) (quoting *Little v. Johnson*, 162 F.3d 855, 859 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999)). Federal habeas relief will not be granted on a procedurally defaulted claim <u>unless</u> the petitioner can demonstrate *both* good cause for the default *and* actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* (citing *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir.) , *cert. denied*, 525 U.S. 952, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998) (pre-AEDPA); *Nobles,* 127 F.3d at 423 n. 33 (post-AEDPA); *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997), *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998) (post-AEDPA); *cf*.

*United States v. Flores*, 135 F.3d 1000, 1006 n. 23 (5th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999) (post-AEDPA, section 2255)).

Petitioner has not argued, much less demonstrated, just cause for his failure to raise the unexhausted claims in his state court proceedings. The undersigned finds no factors constituting just cause for petitioner's failure to raise his allegations before the state's highest court. The claims, as well as the factual support for his claims, were readily apparent at the time petitioner's state habeas applications were filed and petitioner could have included such in his state actions. Because petitioner has failed to show sufficient cause for his state procedural default, a "prejudice" analysis is not necessary.

Petitioner possibly appears to argue, however, that the failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice because he is actually innocent of the charge of aggravated assault. Specifically, petitioner appears to argue the evidence of record did not show he caused bodily injury to the victim, or that he used and exhibited a deadly weapon, to wit: his hands and feet, that in the manner of its use and intended use was capable of causing death and serious bodily injury to the victim, during the commission of the assault. Petitioner appears to argue the waiver of the deadly weapon as a part of the plea agreement, in addition to the absence of evidence showing he caused bodily injury to the victim and lack of evidence that his hands and feet were capable of causing death and serious bodily injury, resulted in no evidence of the commission of an *aggravated* assault sufficient to support his plea, thus, he is actually innocent of the offense. The State's agreement to drop the deadly weapon allegation in exchange for petitioner's plea did not, however, result in a lesser charge against petitioner. Petitioner remained charged with, judicially confessed and pled guilty to,

second degree felony aggravated assault.[5]  Further, the state court, as evidence to support petitioner's plea, reviewed photographs of the victim's bodily injuries and found the evidence sufficient to find petitioner guilty of the second degree felony of aggravated assault.  Petitioner's contention that the absence of medical records presented during the plea hearing was determinative evidence that no bodily injuries were inflicted is unpersuasive.  It was not necessary to establish bodily injury by way of medical records, especially where, as here, petitioner entered a judicial confession and a guilty plea admitting everything alleged in the indictment, including the allegation that petitioner caused bodily injury.  *See Statement of Facts*, at 9.  Petitioner has not demonstrated the State was not able to demonstrate petitioner's hands and feet, in the manner of their use during the assault, were capable of causing death and serious bodily injury to the victim, nor has he demonstrated they were not so capable.  Petitioner has not demonstrated actual innocence of the charged offense of aggravated assault.  Consequently, the failure to consider petitioner's procedurally defaulted claims will not result in a fundamental miscarriage of justice.

Petitioner's claims, with the exception of the involuntary plea due to coercion claim, have been procedurally defaulted as a result of petitioner's failure to exhaust at the state court level.  Consequently, they are not cognizable in federal habeas proceedings and should be dismissed.[6]

---

[5] Although the deadly weapon finding was subsequently dropped, petitioner pled as charged in the indictment.

[6] As noted previously, petitioner has presented numerous arguments and factual allegations not raised before the state's highest appellate court.  The time to raise such issues was during habeas proceedings before the state court, not as mere arguments raised for the first time in the voluminous pleadings petitioner has submitted to this Court.

# IV.
# STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d

469, 472 (Tex.Crim.App. 1997).

# V.
## INVOLUNTARY PLEA DUE TO COUNSEL'S COERCION

Petitioner challenges the voluntary and intelligent character of his guilty plea arguing he was coerced into entering his plea by counsel telling him that if he did not enter the plea, he would face attempted murder charges, stacked sentences, and the maximum sentence on each offense.

Petitioner raised this allegation in his state habeas proceeding. In response, petitioner's counsel submitted an affidavit stating:

> My name is Gregory Lee Phifer. I was the attorney for Harold Christopher Alaniz on July 14, 2003. On that date, he pled guilty in Cause No. 14,760-A to the offense of Aggravated Assault and received a sentence of 8 years TDCJ-ID. On that date, he also pled true in Cause No. 12,867-A to a Motion to Proceed with Adjudication of Guilt for a Delivery of a Controlled Substance and also received a sentence of 8 years TDCJ-ID. An agreement was negotiated in both cases and both sentences were to run concurrent. Both cases were second degree felonies. A third case of witness tampering was dismissed per our negotiations.
>
> The admonishments were given to Mr. Alaniz by myself and the Court. The admonishments were for second degree felonies on both cases before the Court on that day. The case that was dismissed [the witness tampering charge] was a state jail felony.
>
> Mr Alaniz was not threatened by me to reach any plea agreement. Mr. Alaniz was not threatened by the Court to reach any plea agreement. He was admonished by me that a potential for consecutive sentences was possible with the three felony cases pending against him. He was also admonished by me that if we went to trial on any of the two indictments or contested the Motion to Proceed, the state would, in all likelihood, ask for a stiffer sentence(s) to be imposed. I do not believe there was any discussion of 'unwarranted charges of attempted murder' by myself or the Court.

The Texas Court of Criminal Appeals denied petitioner's claims without written order which constitutes an adjudication on the merits. Consequently, this Court cannot grant habeas corpus

relief unless the state court's determination conflicts with clearly established federal law as determined by the Supreme Court or the state court's decision was based on an unreasonable determination of the facts in light of the evidence. Petitioner has not shown the state court's decision was based on an unreasonable determination of the facts in light of the evidence before the state court.

Moreover, at the plea hearing, the state trial court confirmed petitioner was pleading guilty to the charge of second degree aggravated assault, that he understood the range of punishment, that he was pleading guilty to the charged offense only because he was guilty and for no other reason, that no one had offered petitioner anything in exchange for his plea, <u>and that no one had threatened petitioner in any way</u>. *Statement of Facts*, at 6-7 (emphasis added). The state trial also clarified that petitioner was not going to seek permission to appeal, that he had been fully admonished, had gone over the written admonishments with his counsel and counsel had answered all of his questions, that he did not have any additional questions to ask of the court, and that he was satisfied with his counsel's representation. The state trial court further confirmed petitioner was pleading true to the allegations he had violated the terms of his community supervision because the allegations were true, and for no other reason, that no one had offered petitioner anything in exchange for his plea, and that no one had threatened petitioner in any way to make that plea. *Id*. At 11-12. Petitioner's statements of record rebut petitioner's claims of coercion. Reviewing courts give great weight to the defendant's statements at the plea colloquy. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (citing *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)).

Petitioner has submitted to this Court a June 5, 2007 affidavit of petitioner's step-father,

Gerald Ricklefs, wherein Mr. Ricklefs avers:

> I talked to Chris's attorney on two separate occasions. The first was before the trial, in which Mr. Pfeifer stated that Christopher was looking at being charged with Attempted Murder, Aggravated Assault, and Probation Violation Charges. . . . I feel that these charges had no validity and were used as idol threats so that Christopher would accept a plea bargain.

Since this affidavit was not presented to the state appellate court during petitioner's state habeas corpus proceedings, it is arguably not properly before this Court. Nonetheless, this affidavit, while indicating Mr. Ricklefs' understanding of a conversation he had with petitioner's counsel, does not implicate petitioner's counsel with threatening petitioner by telling petitioner he would be subjected to attempted murder charges if he did not enter a guilty plea to the aggravated assault charge. More importantly, the affidavit does not contradict petitioner's sworn averments before the state trial court that he had not been threatened in any way, resulting in his guilty plea. Petitioner has specifically failed to show counsel coerced petitioner's guilty plea with threats of unwarranted attempted murder charges, or that the voluntariness of petitioner's plea was compromised by comments by his counsel.

Further, petitioner has also failed to show undue coercion by counsel's statement that his sentences could be stacked – a true statement – if petitioner did not plea guilty pursuant to the plea agreement but, instead, went to trial. Petitioner has failed to show any comments by his counsel were sufficient to render petitioner's guilty plea involuntary or unknowing. Petitioner's claim is without merit.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner a CHRISTOPHER HAROLD ALANIZ, a/k/a Harold Christopher Alaniz be DENIED.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of August 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **<u>NOTICE OF RIGHT TO OBJECT</u>** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal

conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).